**Marie E. SLEVIN, Plaintiff,**

v.

**The AMEX LIFE ASSURANCE COMPANY and Fireman's Fund American Life Insurance Company, Defendants.**

No. 87 C 3520.

United States District Court,
E.D. New York.

Aug. 9, 1988.

Graham, Miller, Neandross, Mullin & Roonan, P.C. (Michael J. Slevin, of counsel), New York City, for plaintiff.

Adams, Duque & Hazeltine (John L. Viola and Daniel L. Connors, of counsel), New York City, for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this breach of contract action seeking recovery of the proceeds of a life insurance policy under which she was the named beneficiary. Defendant AMEX Life Assurance Company denied payment on the ground that the policy was issued in reliance on misrepresentations of the de-

ceased insured, Patrick D. Slevin (Slevin). The court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendant moves for summary judgment.

In January 1986 Slevin applied for a term life insurance policy (the policy) with defendant Fireman's Fund American Life Insurance Company, a subsidiary of American Express Company and renamed AMEX Life Assurance Company in March 1986 (hereinafter defendant). The application form included the question: "Within the past five years have you ... been hospitalized, seen a health care provider for treatment, consultation or special test? ... If 'YES' answer, give details including dates, name and address of health care provider or hospital." Slevin, responding "YES", wrote "Routine check-ups yearly and lung x-ray this year," and provided the name and address of his treating physician, Dr. Jeffrey Spencer. In response to the question "Have you ... ever had any of the following: ... enlarged lymph nodes or immunodeficiency disorder; ... or any disorder of the blood, kidneys, liver, lung, stomach or intestines?" Slevin answered "NO."

Based on this application defendant issued the policy effective March 1, 1986. The policy provided for a two year contestibility period from the date of its issuance, permitting defendant to contest the validity of any claim brought thereunder prior to March 1, 1988. Slevin died on February 15, 1987. When plaintiff submitted her claim as beneficiary in March 1987 defendant conducted a routine investigation of Slevin's medical history.

Defendant reviewed the medical records of Dr. Spencer. Those records revealed that in the five years before the application Slevin had, on numerous occasions, consulted with and been treated by Dr. Spencer for various venereal diseases. Dr. Spencer later testified at his deposition that he had treated Slevin for such diseases on nine occasions between 1981 and 1985. Plaintiff does not deny that these treatments took place.

Based on the information in Dr. Spencer's records defendant determined that if Slevin had accurately disclosed his history of venereal diseases the policy would not have been issued. Defendant therefore denied plaintiff's claim by letter dated July 17, 1987, tendering a refund of the premiums Slevin had paid. Plaintiff rejected the refund, and brought suit in October 1987.

Defendant moves for summary judgment on the ground that Slevin's application made misrepresentations that were material as a matter of law, and that therefore there is no factual issue to be tried. *See Zachary Trading Inc. v. Northwestern Mutual Life Ins. Co.*, 668 F.Supp. 343, 346–47 (S.D.N.Y.1987) (granting summary judgment because the insured made material misrepresentations in his application for life insurance and "[u]nder New York law, a material misrepresentation in an application for an insurance policy avoids the insurance contract."). Plaintiff, while conceding that Slevin failed to disclose the specific nature of his treatments, denies that this nondisclosure constituted a material misrepresentation.

New York's insurance statute defines a misrepresentation as a false "statement as to past or present fact, made to the insurer ... at or before the making of the insurance contract as an inducement to the making thereof." N.Y.Ins.Law § 3105(a) (McKinney 1985). Such a statement is material if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such a contract." *Id.* § 3105(b). The issue of materiality is generally a factual one for the jury, but "where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine." *Process Plants Corp. v. Beneficial Nat'l Life Ins. Co.*, 53 A.D.2d 214, 216, 385 N.Y.S.2d 308, 310–11 (1st Dep't 1976), *aff'd mem.*, 42 N.Y.2d 928, 397 N.Y.S.2d 1007, 366 N.E.2d 1361 (1977).

Defendant has submitted the affidavit of its Director for Underwriting, Emilio J. Rubi, which declares that "had [Slevin] revealed his true history of and treatment for neurosyphilis, [defendant] would have declined to issue *any* policy. AMEX Life's underwriting guidelines regarding syphilis ... require the underwriter to decline applications for insurance where the insured

has a history of or there is evidence of neurosyphilis." The affidavit goes on to state that defendant would have refused to issue the policy even if Slevin had not had a history of neurosyphilis, due to his "history of and treatment for multiple episodes of syphilis, gonorrhea and other sexually transmitted diseases in the 5 year period before he applied for the Policy."

Defendant has also submitted a copy of certain "underwriting guidelines" prepared by a Dr. William Roger Budge in January 1985, which defendant used in reviewing applications at the time Slevin sought coverage. These guidelines describe numerous medical factors which indicate that an individual is at high risk for contracting AIDS. Unsurprisingly, they convey the message that such persons are deemed uninsurable: "underwriters would do well to decline applicants who have a diagnosis of AIDS and applicants who are suspected of having AIDS on the basis of the medical information provided."

Among the factors cited in Dr. Budge's guidelines as indicating a susceptibility to AIDS is a history of sexually transmitted diseases. At his deposition Mr. Rubi testified that: "Whenever you have a multitude of veneral diseases present, you consider the history, and evaluate the history under these guidelines.... The medical histories of veneral disease, multiple instances, in our judgment, leads to AIDS. Leads to exposure to AIDS." According to Mr. Rubi, if "You are a candidate or you are exposed to AIDS ... you are not insurable."

This evidence is sufficient to establish that if defendant had known of Slevin's history of veneral diseases it would not have issued the policy. Although, as plaintiff points out, defendant might not have rejected Slevin's application on the basis of the risks associated with any one of his individual veneral diseases, this is irrelevant because defendant apparently considers a history of multiple venereal diseases a bar to insurability even if none of the individual diseases involved would by itself preclude coverage. Mr. Rubi testified that "the evaluation is on the whole, not singly or partially ... if the medical records show multiple episodes of venereal diseases, the underwriting decision will be to stay away from the case."

■ Plaintiff argues that it is unclear whether Slevin's failure to report his history of veneral diseases was in fact a misrepresentation, either because Slevin may not have understood the significance of that history or because the application form did not clearly require such specific information. Scienter of the applicant, however, is not a requirement for establishing misrepresentation: "even an innocent misrepresentation as to specific diseases or ailments, if material, is sufficient to allow the insurer to avoid the contract of insurance or to defeat recovery thereunder." *Process Plants, supra,* 53 A.D.2d at 216, 385 N.Y.S.2d at 310. Moreover, in light of the records of Slevin's multiple veneral conditions, it is implausible that he did not know that his treatments by Dr. Spencer could not be characterized as "routine check-ups yearly." By thus reporting those treatments Slevin materially misrepresented his medical background.

There remains no genuine issue of fact to be tried to a jury. Because defendant has established that Slevin's misrepresentations were material as a matter of law, its motion for summary judgment is granted, and the case is dismissed.

SO ORDERED.